Kevin S. Conlogue, SBN 285277
(Kevin@LOKSC.com)
**THE LAW OFFICE OF KEVIN S. CONLOGUE**
292 S. La Cienega Blvd., Ste. 207
Beverly Hills, CA 90211
Tel:    (213) 255-8837
Fax:    (213) 477-2069

Attorney for Plaintiffs
BRANDON PERNELL & KARLY BROWN

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON PERNELL; KARLY BROWN, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF LOS ANGELES; SGT. LOPEZ #36501; UNIDENTIFIED LAPD OFFICERS; DEFENSE INTERNATIONAL CORPORATION; and, GREYSTAR CALIFORNIA, INC., <br><br> Defendants. | CASE NO.: <br><br> **COMPLAINT FOR DAMAGES:** <br><br> (1) **Unreasonable Search and Seizure—Unlawful Entry, Detention and Arrest (42 U.S.C. § 1983)** <br> (2) **Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)** <br> (3) **Conspiracy to Violate Civil Rights (42 U.S.C. § 1983)** <br> (4) ***Monell* Claim (42 U.S.C. § 1983)** <br> (5) **Supervisory Liability (42 U.S.C. § 1983)** <br> (6) **Negligence** <br> (7) **Assault & Battery** <br> (8) **Trespass** <br> (9) **Invasion of Privacy** <br> (10)  **Bane Act** <br> (11)  **Ralph Act** <br><br> **DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiffs, BRANDON PERNELL and KARLY BROWN,

for causes of action against Defendants, CITY OF LOS ANGELES, SGT. LOPEZ

#36501, UNIDENTIFIED LAPD OFFICERS, DEFENSE INTERNATIONAL

**COMPLAINT FOR DAMAGES**

1    CORPORATION, and GREYSTAR CALIFORNIA, INC., and each of them,

2    complains and alleges as follows:

3    **INTRODUCTION**

4    1.    This civil rights action seeks compensatory and punitive damages from

5    Defendants for violating Plaintiffs' various rights under the United States

6    Constitution in connection with a April 25-26, 2021, encounter between Defendants

7    and Plaintiffs in connection with an unlawful, entry into Plaintiffs' residence

8    without a warrant, detention, arrest, and unlawful use of force.

9    **JURISDICTION AND VENUE**

10   2.    This civil action is brought for the redress of alleged deprivations of

11   constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the

12   Fourth and Fourteenth Amendments of the United States Constitution.  Jurisdiction

13   is founded on 28 U.S.C. §§ 1331, 1343, 1367.

14   3.    Venue is proper in this Court under 28 U.S.C. § 1391(b), because

15   Defendants reside in, and all incidents, events, and occurrences giving rise to this

16   action occurred in, the City of Los Angeles, California.

17   **PARTIES**

18   4.    At all times herein relevant, Plaintiff BRANDON PERNELL, an

19   individual, is and was a resident of the County of Los Angeles, State of California,

20   and an African-American adult male.

21   5.    At all times herein relevant, Plaintiff KARLY BROWN, an individual,

22   is and was a resident of the County of Los Angeles, State of California, and an

23   Asian-American adult female.

24   6.    At all times herein relevant, Defendant DEFENSE INTERNATIONAL

25   CORPORATION, is, and at all times herein mentioned was, a California

26   Corporation, doing business in the State of California, operating in the State of

27   California and availing itself of the privileges and obligations associated therewith.

28   7.    At all times herein relevant, Defendant GREYSTAR CALIFORNIA,

1   INC., is, and at all times herein mentioned was, a Delaware Corporation, doing

2   business in the State of California, operating in the State of California and availing

3   itself of the privileges and obligations associated therewith.

4       8.      At all times herein relevant, Plaintiffs are informed and believe,

5   Defendant CITY OF LOS ANGELES ("CITY"), is and was a duly organized public

6   entity, form unknown, existing under the laws of the State of California.  At all

7   times herein mentioned, Defendant CITY has possessed the power and authority to

8   adopt policies and prescribe rules, regulations and practices affecting the Los

9   Angeles Police Department ("LAPD"), and particularly said Department's Patrol,

10  Internal Investigations and Training, and Personnel Divisions and other operations

11  and subdivisions presently unidentified to Plaintiffs, and their tactics methods,

12  practices, customs and usages.

13      9.      At all relevant times, CITY was the employer of Defendants SGT.

14  LOPEZ #36501 and UNIDENTIFIED LAPD OFFICERS, and said individuals

15  were employees and agents of CITY and LAPD.

16      10.     At all relevant times, Defendants SGT. LOPEZ #36501 and

17  UNIDENTIFIED LAPD OFFICERS were duly authorized employees and agents of

18  the CITY, who were acting under color of law within the course and scope of their

19  respective duties as Police Officers and with the complete authority and ratification

20  of their principal, Defendant CITY.

21      11.     At all relevant times, Defendants SGT. LOPEZ #3650 and

22  UNIDENTIFIED LAPD OFFICERS, and each of them, were duly appointed

23  officers and/or employees or agents of CITY, subject to oversight and supervision

24  by CITY's elected and non elected officials.

25      12.     At all relevant times, Defendant SGT. LOPEZ #36501 was the

26  supervising officer of Defendants UNIDENTIFIED LAPD OFFICERS, and

27  Defendant SGT. LOPEZ #36501 oversaw, approved, ratified, and consented to all

28  actions and inactions of Defendants UNIDENTIFIED LAPD OFFICERS that

**COMPLAINT FOR DAMAGES**

violated Plaintiffs' constitutional rights as alleged herein. Defendant SGT. LOPEZ #36501 is sued in his individual capacity, and as a supervisor for his own culpable action or inaction in the training, supervision or control of Defendants UNIDENTIFIED LAPD OFFICERS, and his acquiescence in the constitutional deprivations which this Complaint alleges, and for the conduct that showed reckless or callous indifference for others.

13.   At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every defendant herein.

14.   The true names of defendants DOES 1 through 50, are unknown to Plaintiffs, who therefore sues these defendants by such fictitious names.  Plaintiffs will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained.  Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

15.   In doing the acts and failing and omitting to act as hereinafter described, Defendants SGT. LOPEZ #36501 and UNIDENTIFIED LAPD OFFICERS, and each of them, were acting on the implied and actual permission and consent of CITY.

16.   Defendants, and each of them, did the acts and omissions hereinafter alleged wilfully, intentionally, maliciously, in bad faith and with knowledge that their conduct violated well established and settled law.

17.   Prior to the commencement of this action, Plaintiffs presented a government tort claim with CITY in full and timely compliance with the California Tort Claim Act.  Said claim has been expressly denied or denied by operation of law by CITY.  Plaintiffs have complied with the requirements of the Government Code for the timely filing of formal claims with CITY.

18.   At all times herein relevant, Defendant CITY was the employer and/or

**COMPLAINT FOR DAMAGES**

principal of Defendants SGT. LOPEZ #36501 and UNIDENTIFIED LAPD
OFFICERS, herein, and/or was and is legally responsible for the acts, omissions,
and conduct of Defendants SGT. LOPEZ #36501 and UNIDENTIFIED LAPD
OFFICERS, herein, within the meaning of Government Code §§ 815.2(a), 815.4,
820(a), among other provisions, and is liable to Plaintiff by reason thereof.

19.   At all times herein relevant, Defendants SGT. LOPEZ #36501 and
UNIDENTIFIED LAPD OFFICERS, and each of them, were and are legally
responsible for their acts, omissions, and conduct that gives rise to this lawsuit,
within the meaning of Government Code § 820(a), among other provisions, and are
liable to Plaintiffs by reason thereof.

## GENERAL ALLEGATIONS

20.   Plaintiffs re-allege and incorporate herein by reference each and every
allegation and statement contained in the prior paragraphs, as though fully set forth
herein.

21.   Prior to filing this lawsuit, Plaintiffs submitted a California Public
Records Act request to CITY to identify Defendant UNIDENTIFIED LAPD
OFFICERS who unlawfully entered Plaintiffs' residence and committed other
unlawful acts as alleged herein, and CITY refused to comply with the California
Public Records Act in identifying said Defendants. Plaintiffs will seek leave to
amend this complaint to show the true names and capacities of these Defendants
when they have been ascertained.  Each of these Defendants is responsible in some
manner for the conduct and liabilities alleged herein.

22.   At all relevant times herein, Defendant GREYSTAR CALIFORNIA,
INC. (hereinafter "GREYSTAR"), was in ownership, possession, control, and/or
property managers of the property CIRCA, 1200 S. Figueroa Street, Los Angeles,
California. (hereinafter "CIRCA".)

23.   At all relevant times herein, Defendant DEFENSE INTERNATIONAL
CORPORATION (hereinafter "DEFENSE INTERNATIONAL"), were in

**COMPLAINT FOR DAMAGES**

1   ownership, possession, control, and/or provided security services at CIRCA.

2       24.    At all relevant times herein, Plaintiffs resided in Unit 2324 at CIRCA,

3   and the only way to gain access to Plaintiffs' Unit by non-residents of CIRCA was

4   by permission of Property Managers and Security Defendants.

5       25.    On or about April 25, 2021, and into the early morning of April 26,

6   2021, Defendants SGT. LOPEZ #36501 and UNIDENTIFIED LAPD OFFICERS

7   entered the lobby of CIRCA and conspired and reached a meeting of the minds with

8   Defendants GREYSTAR and DEFENSE INTERNATIONAL to unlawfully go up

9   to Plaintiffs' Unit on the 23rd Floor of CIRCA without a warrant or any valid legal

10  basis for doing so. Defendants GREYSTAR and DEFENSE INTERNATIONAL

11  permitted Defendants SGT. LOPEZ #36501 and UNIDENTIFIED LAPD

12  OFFICERS to enter CIRCA past the lobby entrance and up to the 23rd Floor when

13  Defendants GREYSTAR and DEFENSE INTERNATIONAL had a duty to prevent

14  Defendants SGT. LOPEZ #36501 and UNIDENTIFIED LAPD OFFICERS from

15  traveling up to Plaintiffs' floor. Once on the 23rd Floor, Defendants SGT. LOPEZ

16  #36501 and UNIDENTIFIED LAPD OFFICERS went over to Plaintiffs Unit and

17  aggressively knocked on the door and ordered Plaintiffs to open the door. Plaintiff

18  BRANDON PERNELL looked through the peak-hole and saw a shotgun pointed in

19  his leg area through the door. Plaintiff BRANDON PERNELL then opened the

20  door slightly when one of the UNIDENTIFIED LAPD OFFICERS put his foot in

21  the door past the threshold and grabbed Plaintiff BRANDON PERNELL's arms

22  while he was inside of his Unit and yanked him out into the hallway of the 23rd

23  floor and handcuffed him without reasonable suspicion, probable cause, or other

24  legal justification to do so. Defendants SGT. LOPEZ #36501 and UNIDENTIFIED

25  LAPD OFFICERS refused to explain to Plaintiff BRANDON PERNELL why he

26  was handcuffed and under arrest even though he repeatedly requested for an

27  explanation. Defendants refused to answer in violation of California Penal Code §

28  841. Defendants SGT. LOPEZ #36501 and UNIDENTIFIED LAPD OFFICERS

then asked Plaintiff BRANDON PERNELL if anyone else was inside the Unit, and he responded that Plaintiff KARLY BROWN was. Defendants then ordered Plaintiff BRANDON PERNELL to make Plaintiff KARLY BROWN to come outside of the Unit, so Plaintiff BRANDON PERNELL complied and yelled for her to come out of the Unit. When Plaintiff KARLY BROWN reached the door and while still inside the Unit, one of the UNIDENTIFIED LAPD OFFICERS pointed a shotgun at her and ordered her out of the Unit, to which she complied and was placed under arrest in the hallway. Defendants SGT. LOPEZ #36501 and UNIDENTIFIED LAPD OFFICERS then entered Plaintiffs' residence without a warrant and without any legal justification to do so. After around 30 minutes, Defendants SGT. LOPEZ #36501 and UNIDENTIFIED LAPD OFFICERS exited Plaintiffs' Unit, unhandcuffed them to release them, and left without a lawful explanation for the unlawful entry into Plaintiffs' Unit, detention and arrest of Plaintiffs, and use of force against Plaintiffs.

26. During the unlawful entry, detention and arrest of Plaintiffs, and use of force, SGT. LOPEZ #36501 was the supervising officer of Defendants UNIDENTIFIED LAPD OFFICERS, and he approved of Defendants UNIDENTIFIED LAPD OFFICERS unlawful actions and inactions.

27. In accordance with CITY's custom and practice, Defendants SGT. LOPEZ #36501 and UNIDENTIFIED LAPD OFFICERS racially profiled Plaintiffs and willfully failed to document these unlawful activities by failing to draft incident reports of the unlawful entry and/or to activate their body worn cameras during the entire incident, which said conduct violated LAPD policies.

28. CITY has failed to investigate and discipline Defendants SGT. LOPEZ #36501 and UNIDENTIFIED LAPD OFFICERS for their unlawful conduct with Plaintiffs.

29. At all times herein relevant, Plaintiffs were unarmed, not posing a threat to anyone, and were not violating any laws.

30.     Prior to April 25, 2021, CITY had a pattern, practice and custom of permitting the LAPD to racially profile minorities, to not document or report unlawful detentions, arrests, use of force, unlawful entries into residences, to suppress evidence, and to promote dishonesty amongst the LAPD by failing to investigate and discipline its officers who engaged in such unlawful conduct, and sanctioned a code of silence for said unlawful conduct.

31.     As a direct result of Defendants' illegal entry, wrongful detention and arrest of Plaintiffs, and use of excessive force when there was no legal reason to detain Plaintiffs, Plaintiffs suffered severe pain and suffering, mental anguish, humiliation, and emotional distress.

## FIRST CLAIM FOR RELIEF

**Unreasonable Search & Seizure-Unlawful Entry, Detention and Arrest (42 U.S.C. § 1983)**

**(Against All Defendants Save CITY)**

32.     Plaintiffs re-allege and incorporate herein by reference each and every allegation and statement contained in the prior paragraphs, as though fully set forth herein.

33.     Defendants illegally entered Plaintiffs' residence without a warrant, detained and arrested Plaintiffs in violation of their right to be free of an unlawful entry into their residence and to be secure in their person against unreasonable searches and seizures as guaranteed to the Plaintiffs under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment, or Defendants failed to prevent such conduct when they had an opportunity to do so.

34.     The actions and inactions of Defendants deprived Plaintiffs of their right to be free from state actions that shock the conscience under the Fourteenth Amendment's Due Process Clause.

35.     As a result of the actions and inactions of Defendants, Defendants are

liable for Plaintiffs' injuries, either because they were integral participants in the illegal entry and wrongful detention and arrest, or because they failed to intervene to prevent these violations. Defendants actions and/or omissions were the direct and proximal cause of Plaintiff's damages.

36.    The above acts of omissions of Defendants were undertaken while under color of state law and resulted in the violation of Plaintiffs' constitutional rights, as stated herein.

37.    As a direct and proximate result of conduct of Defendants, Plaintiffs were substantially physically, mentally and emotionally injured, and endured great physical, mental and emotional pain and suffering, and incurred other general damages and expenses in an amount according to proof at trial.

38.    The conduct of Defendants, and each of them, was willful, wanton, malicious and done with an evil motive and intent and a reckless disregard for the rights and safety of Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to Defendants, and each of them.

39.    Accordingly, Defendants, and each of them, are liable to Plaintiffs for compensatory and punitive damages under 42 U.S.C. § 1983.

## SECOND CLAIM FOR RELIEF

### Unreasonable Search & Seizure-Excessive Force (42 U.S.C. § 1983)

### (Against All Defendants Save CITY)

40.    Plaintiffs re-allege and incorporate herein by reference each and every allegation and statement contained in the prior paragraphs, as though fully set forth herein.

41.    The unjustified use of excessive force by Defendants when they restrained Plaintiffs at their residence with their guns drawn and placed handcuffs on Plaintiffs when Defendants lacked any legal reason to do so, deprived Plaintiffs of their right to be secure in their person against excessive force and unreasonable searches and seizures as guaranteed to Plaintiffs under the Fourth Amendment to

the United States Constitution and applied to state actors by the Fourteenth Amendment.

42.   The actions and inactions of Defendants deprived Plaintiffs of their right to be free from state actions that shock the conscience under the Fourteenth Amendment's Due Process Clause.

43.   As a result of the actions and inactions of Defendants, Defendants are liable for Plaintiffs' injuries, either because they were integral participants in the unlawful use of force, or because they failed to intervene to prevent these violations. Defendants actions and/or omissions were the direct and proximal cause of Plaintiff's damages.

44.   The above acts of omissions of Defendants were undertaken while under color of state law and resulted in the violation of Plaintiffs' constitutional rights, as stated herein.

45.   As a direct and proximate result of conduct of Defendants, Plaintiffs were substantially physically, mentally and emotionally injured, and endured great physical, mental and emotional pain and suffering, and incurred other general damages and expenses in an amount according to proof at trial.

46.   The conduct of Defendants, and each of them, was willful, wanton, malicious and done with an evil motive and intent and a reckless disregard for the rights and safety of Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to Defendants, and each of them.

47.   Accordingly, Defendants, and each of them, are liable to Plaintiffs for compensatory and punitive damages under 42 U.S.C. § 1983.

### THIRD CLAIM FOR RELIEF

**Conspiracy to Violate Civil Rights (42 U.S.C. § 1983)**

**(Against All Defendants Save CITY)**

48.   Plaintiffs re-allege and incorporate herein by reference each and every allegation and statement contained in the prior paragraphs, as though fully set forth

herein.

49.    During the course of this incident, Defendants conspired to and in fact did deprive Plaintiffs of their right to be free from an unlawful entry into one's residence and to be secure in their person against unreasonable searches and seizures, and of his right to be free from state actions that shock the conscience, as guaranteed by the Fourth and Fourteenth Amendments.

50.    All rights of Plaintiffs, as set forth, were violated by Defendants by their illegal entry into Plaintiffs' residence, detention and arrest of Plaintiffs, wrongful use of excessive force, and cover up, as more specifically set forth herein.

51.    On information and belief, Defendants agreed and conspired, and shared the same conspiratorial objective with each other to illegally enter the residence of Plaintiffs, detain and arrest Plaintiffs without legal reason to do so, use excessive force against Plaintiffs, and covered up their misdeeds in violation of Plaintiffs' constitutional rights.

52.    The above acts of omissions of Defendants were undertaken while under color of state law and resulted in the violation of Plaintiffs' constitutional rights, as stated herein.

53.    As a direct and proximate result of conduct of Defendants, Plaintiffs were substantially physically, mentally and emotionally injured, and endured great physical, mental and emotional pain and suffering, and incurred other general damages and expenses in an amount according to proof at trial.

54.    The conduct of Defendants, and each of them, was willful, wanton, malicious and done with an evil motive and intent and a reckless disregard for the rights and safety of Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to Defendants, and each of them.

55.    Accordingly, Defendants, and each of them, are liable to Plaintiffs for compensatory and punitive damages under 42 U.S.C. § 1983.

//

**COMPLAINT FOR DAMAGES**

## FOURTH CLAIM FOR RELIEF

**Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. §1983)**

**(Against Defendant CITY)**

56.     Plaintiffs re-allege and incorporate herein by reference each and every allegation and statement contained in the prior paragraphs, as though fully set forth herein.

57.     Defendant CITY is and at all times herein mentioned has been a public entity and incorporated municipality duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant CITY and the LAPD possessed the power and authority to adopt polices and prescribe rules, regulations and practices affecting the operation of the CITY and of the LAPD and its tactics, methods, practices, customs and usages related to internal investigations, personnel supervision and records maintenance and the proper application of their powers of arrest by its rank and file, generally.

58.     At all times herein mentioned, Defendants SGT. LOPEZ #36501 and UNIDENTIFIED LAPD OFFICERS, and each of them, were employees of the LAPD acting under the CITY's direction and control, who knowingly and intentionally promulgated, maintained, applied, enforced and suffered the continuation of policies, customs, practices and usages in violation of the Fourth and Fourteenth Amendments respectively to the United States Constitution, which customs, policies, practices and usages at all times herein mentioned encouraged the employment, deployment and retention of persons as peace officers who have a propensity for brutality, dishonesty, bias, bigotry, and numerous other serious abuses of their duties as peace officers in the employment of the LAPD and CITY.

59.     Defendant CITY knowingly maintains and permits official *sub-rosa* policies or customs of permitting the occurrence of the kinds of wrongs set forth above, by deliberate indifference to widespread police abuses, failing and refusing to fairly and impartially investigate, discipline or prosecute officers who commit

acts of wrongful arrests, racial profiling, dishonesty and crimes under color of law, each ratified and approved by the LAPD.

60.    On and for some time prior to April 25, 2021 (and continuing to the present date) Defendant CITY, deprived Plaintiffs of the rights and liberties secured to them by the Fourth and Fourteenth Amendments to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, of Plaintiffs, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized CITY custom, policy, and practice of, or ratified, directed, encouraged, and/or allowed the following:

(a)    Defendant CITY had knowledge, prior to and since this incident, of repeated allegations of abuse and misconduct involving unlawful entry into residences, detaining and arresting citizens, racial profiling and animus, and using excessive force; specifically, CITY knew Defendants SGT. LOPEZ #36501 and UNIDENTIFIED LAPD OFFICERS, and each of them, had in the past and since Plaintiffs' incident, committed similar acts of racial profiling, failing to document unlawful incidents, unlawful entries, unlawful detainment and arrests, unlawful use of force, suppressing evidence, dishonesty and abuse, thereby enabling Defendants to continue to violate the constitutional rights of the Plaintiffs in 2021 and thereafter;

(b)    Defendant CITY had knowledge, prior to and since this incident, of similar allegations of racial profiling, failing to document unlawful incidents, unlawful entries, unlawful detainment and arrests, unlawful use of force, suppressing evidence, dishonesty and abuse by Defendants, and refused to enforce established administrative

**COMPLAINT FOR DAMAGES**

procedures to insure the rights of those affected by these unlawful practices;

(c) Defendant CITY and LAPD refused to adequately discipline individual officers and employees found to have committed similar acts of abuse and misconduct;

(d) Defendant CITY and LAPD refused to competently and impartially investigate allegations of abuse and misconduct alleged to have been committed by Department employees;

(e) Defendant CITY and LAPD reprimanded, threatened, intimidated, demoted and fired officers who courageously reported unlawful acts by other officers;

(f) Defendant CITY and LAPD covered up acts of misconduct and abuse by CITY officers and sanctioned a code of silence by and among officers and management;

(g) Defendant CITY and LAPD knew of and sanctioned the custom and practice of racial profiling, failing to document unlawful incidents, unlawful entries, unlawful detainment and arrests, unlawful use of force, suppressing evidence, dishonesty and abuse;

(h) Defendant CITY and LAPD failed to adequately supervise the actions of officers under their control and guidance;

(i) Defendant CITY and LAPD historically condone and encourage systemic conspiracy of silence among its employees for the purpose of concealing and further wrongful and illegal conduct by its employees;

(j) Defendant CITY and LAPD fail and refuse to comply with California Penal Code Sections 841, 832.5, and 12201(e) by withholding from the California Department of Justice, known citizen complaints of officer misconduct, thereby evading the Department's statutory duty to report all known citizen complaints to the California Department of Justice

**COMPLAINT FOR DAMAGES**

and to mislead the Department of Justice with substantial under reporting of known citizen complaints, including the Plaintiffs;

(k)    Defendant CITY and LAPD fostered and encouraged an atmosphere of lawlessness, abuse and misconduct, which by April 25, 2021, and thereafter, represented the unconstitutional policies practices and customs of the CITY and LAPD.

61.    By reason of the aforementioned policies and practices of Defendant CITY and LAPD, Plaintiffs have suffered severe pain and suffering, mental anguish, humiliation, and emotional distress.

62.    Defendant CITY and the LAPD, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.  Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiffs, and other individuals similarly situated.

63.    By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendant CITY and LAPD acted with an intentional, reckless, and callous disregard for the well being of Plaintiffs and their constitutional as well as human rights.  Defendant CITY and LAPD and each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

64.    Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by Defendant CITY and LAPD were affirmatively linked to and were a significantly influential force and moving force behind the Plaintiffs' injuries.

65.    By reason of the aforesaid policies, customs, practices and usages,

**COMPLAINT FOR DAMAGES**

Plaintiffs' Fourth and Fourteenth Amendments to the United States Constitution were violated.  Said customs, policies, practices and usages at all times herein mentioned violated constitutional rights including those of the Plaintiffs.

66.     By reason and pursuant to the aforesaid policies, practices, customs, and usages, Plaintiffs' aforementioned constitutional rights were deprived and Plaintiffs proximately suffered general damages in an amount to be proved at trial.

67.     Accordingly, Defendant CITY is liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

## FIFTH CLAIM FOR RELIEF

### Supervisory Liability (42 U.S.C. § 1983)

### (Against Defendant SGT. LOPEZ #36501)

68.     Plaintiffs re-allege and incorporate herein by reference each and every allegation and statement contained in the prior paragraphs, as though fully set forth herein.

69.     Plaintiffs are informed and believe and thereon allege that Defendant SGT. LOPEZ #36501 knew, or in the exercise of reasonable care, should have known of a history and propensity and pattern at the time of this incident for Defendants UNIDENTIFIED LAPD OFFICERS to unlawfully enter residences, detain and arrest individuals, and use excessive force based upon racial profiling. Defendant SGT. LOPEZ #36501 disregard of this knowledge or failure to adequately investigate and discover and correct such acts or failures to act was a moving force which caused the violation of Plaintiffs' constitutional rights.

70.     Plaintiffs are informed and believe and thereon allege that prior to the incident alleged herein, Defendant SGT. LOPEZ #36501 acting under the color of his authority as supervisory employee of Defendants UNIDENTIFIED LAPD OFFICERS, and in the course and scope of his employment as such, committed similar acts of unlawful entries, detentions and arrests individuals, and use excessive force based upon racial profiling and animus.

71.    Plaintiffs are further informed and believe and thereon allege that Defendant SGT. LOPEZ #36501 knew, or in the exercise of reasonable care should have known, of this pattern or practice of unconstitutional violations, or the existence of facts which create the potential of unconstitutional acts, and this Defendant had a duty to train and instruct his subordinates to prevent similar acts to other individuals, but failed to take steps to properly train, supervise, investigate or instruct Defendants UNIDENTIFIED LAPD OFFICERS, and to retain Defendants UNIDENTIFIED LAPD OFFICERS who had a history of inappropriate and unlawful conduct, and as a result Plaintiffs were harmed in the manner threatened by the pattern or practice.

72.    As a direct and proximate result of conduct of Defendant, Plaintiffs were substantially physically, mentally and emotionally injured, and endured great physical, mental and emotional pain and suffering, and incurred other general damages and expenses in an amount according to proof at trial.

73.    The conduct of Defendant was willful, wanton, malicious and done with an evil motive and intent and a reckless disregard for the rights and safety of Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to Defendant.

74.    Accordingly, Defendant is liable to Plaintiffs for compensatory and punitive damages under 42 U.S.C. § 1983.

## SIXTH CLAIM FOR RELIEF

### Negligence

### (Against All Defendants)

75.    Plaintiffs re-allege and incorporate herein by reference each and every allegation and statement contained in the prior paragraphs, as though fully set forth herein.

76.    At the aforementioned time and place, Defendants GREYSTAR and DEFENSE INTERNATIONAL, negligently maintained, managed, controlled and

1    operated CIRCA.

2        77.    By virtue of the foregoing, Defendants owed Plaintiffs a duty of due

3    care, and that duty was breached by Defendants' negligence and failure to exercise

4    due care in dealing with, entering Plaintiffs' residence, detaining and arresting, and

5    using physical force against Plaintiffs.

6        78.    Defendant CITY possessed the power and authority to hire and fire

7    employees of  the LAPD and based upon information and belief and negligently

8    hired Defendants SGT. LOPEZ #36501 and UNIDENTIFIED LAPD OFFICERS,

9    and each of them, as police officers,  entrusted them with the following duties:

10   protect citizens, contact citizens, conduct reasonable investigations based upon

11   reasonable beliefs, and avoid unlawful force.

12       79.    By virtue of the foregoing, Defendant CITY owed Plaintiffs a duty of

13   due care, and that duty was breached by City's negligent and careless manner in

14   hiring, training, supervising and retaining by, among other things:

15       a)     Failing to adequately train its officers in the use of force and lawful

16   entries,  as well as constitutional limitations in the use of force and lawful entries;

17       b)     Failing to adequately train its officers in identifying a person that

18   presents a threat of force or violence, as opposed to one that does not;

19       c)     Failing to adequately investigate  background, training and experience

20   as a officer and his propensity for violence;

21       d)     Failing to provide adequate supervisory control over the actions of its

22   officers in regard to adequate training, supervision, equipment, planning, oversight,

23   and administration;

24       e)     Failing to control the conduct of its officers who have a known

25   propensity for violence and in failing to discipline its officers;

26       f)     Failing to investigate in good faith, allegations of excessive and

27   unreasonable use of force and unlawful arrests by its officers;

28

g)    Failing to discipline its officers who use excessive and unreasonable force and unlawful arrests; and,

h)    Sanctioning, condoning and approving a law enforcement-wide custom and practice of a code of silence, cover-up and dishonesty.

80.    As a direct and proximate cause of the aforementioned acts of Defendants, Plaintiffs were injured as set forth above and is entitled to compensatory damages according to proof at the time of trial.

81.    As a direct and proximate result of the foregoing, Plaintiffs have damages as recited above and demand and is entitled to damages, including, but not limited to, general and punitive damages (except as to Defendants CITY for punitive damages), and any other relief allowable at law or in equity.

## SEVENTH CLAIM FOR RELIEF

### Assault & Battery

### (Against All Defendants)

82.    Plaintiffs re-allege and incorporate herein by reference each and every allegation and statement contained in the prior paragraphs, as though fully set forth herein.

83.    Defendants used or caused physical force against Plaintiffs without legal justification or excuse, knowing full well that Plaintiffs had committed no crimes, were unarmed and that they posed no threat to the officers or anyone else.

84.    Defendants intentionally, willfully and recklessly committed an assault and battery on the person of Plaintiffs, deliberately intending to cause severe injury to the person of Plaintiffs.

85.    As a direct and proximate cause of the aforementioned acts of Defendants, Plaintiffs were injured as set forth above and is entitled to compensatory damages according to proof at the time of trial.

86.    As a direct and proximate result of the foregoing, Plaintiffs have damages as recited above and demand and is entitled to damages, including, but not

limited to, general and punitive damages (except as to Defendants CITY for

punitive damages), and any other relief allowable at law or in equity.

## EIGHTH CLAIM FOR RELIEF

### Trespass

### (Against All Defendants)

87.    Plaintiffs re-allege and incorporate herein by reference each and every

allegation and statement contained in the prior paragraphs, as though fully set forth

herein.

88.    Defendants entered Plaintiffs' Unit, or caused the entry of Plaintiffs'

Unit.

89.    Plaintiffs did not give permission for the entry by Defendants.

90.    As a direct and proximate cause of the aforementioned acts of

Defendants, Plaintiffs were injured as set forth above and is entitled to

compensatory damages according to proof at the time of trial.

91.    As a direct and proximate result of the foregoing, Plaintiffs have

damages as recited above and demand and is entitled to damages, including, but not

limited to, general and punitive damages (except as to Defendants CITY for

punitive damages), and any other relief allowable at law or in equity.

## NINTH CLAIM FOR RELIEF

### Invasion of Privacy

### (Against All Defendants)

92.    Plaintiffs re-allege and incorporate herein by reference each and every

allegation and statement contained in the prior paragraphs, as though fully set forth

herein.

93.    Plaintiffs had a reasonable expectation of privacy in their Unit.

94.    Defendants intentionally intruded into Plaintiffs' Unit as alleged herein,

or caused the intrusion.

95.    Defendants intrusion would be highly offensive to a reasonable person.

96.     As a direct and proximate cause of the aforementioned acts of Defendants, Plaintiffs were injured as set forth above and is entitled to compensatory damages according to proof at the time of trial.

97.     As a direct and proximate result of the foregoing, Plaintiffs have damages as recited above and demand and is entitled to damages, including, but not limited to, general and punitive damages (except as to Defendants CITY for punitive damages), and any other relief allowable at law or in equity.

**<u>TENTH CLAIM FOR RELIEF</u>**

**Bane Act [Cal. Civ. Code § 52.1]**

**(Against All Defendants)**

98.     Plaintiffs re-allege and incorporate herein by reference each and every allegation and statement contained in the prior paragraphs, as though fully set forth herein.

99.     The actions of Defendants, as complained of herein, interfered with, and/or attempted to interfere with, by use of threats, intimidation, and coercion to Plaintiffs and/or their property, the exercise or enjoyment by Plaintiffs the rights secured to them by the California Constitution and otherwise by California law, in violation of California Civil Code § 52.1.  Specifically, Defendants unlawfully entered Plaintiffs residence.  Defendants are liable to Plaintiffs for said violations of their constitutional rights, pursuant to California Civil Code § 52.1, amongst other sections as alleged herein.

100.  As a direct and proximate cause of the aforementioned acts of Defendants, Plaintiffs were injured as set forth above and is entitled to compensatory damages according to proof at the time of trial.

101.  As a direct and proximate result of the foregoing, Plaintiffs have damages as recited above and demands and is entitled to, including, but not limited to, general and punitive damages (except as to Defendants CITY for punitive damages), treble compensatory damages, attorney's fees, and any other relief

allowable at law or in equity.

## ELEVENTH CLAIM FOR RELIEF

### Ralph Act [Cal. Civ. Code § 51.7]

### (Against All Defendants)

102.   Plaintiffs re-allege and incorporate herein by reference each and every allegation and statement contained in the prior paragraphs, as though fully set forth herein.

103.   The actions of Defendants, as complained of herein, interfered with, and/or attempted to interfere with, by use of threats, intimidation, and coercion, the exercise or enjoyment by Plaintiffs the rights secured to them by the California Constitution and otherwise by California law, in violation of California Civil Code § 51.7.  Specifically, Defendants detained, arrested, assaulted, and battered Plaintiffs when Defendants had no legal right to do so, and Defendants knew that Plaintiffs were African-American and Asian-American.  Defendants are liable to Plaintiffs for said violations of their constitutional rights, pursuant to California Civil Code § 57.1.

104.   At all relevant times herein, Defendants, and each of them, with animus towards African-American and Asian-American, knew that Plaintiffs were African-American and Asian-American.

105.   Defendants committed violent acts against Plaintiffs by using unreasonable and excessive force.

106.   In committing the aforementioned acts, the substantial motivating reason for the Defendants' animus towards Plaintiffs was that Plaintiffs were African-American and Asian-American.

107.   As a direct and proximate result of the foregoing, Plaintiffs have damages as recited above and demand and is entitled to damages, including, but not limited to, general and punitive damages (except as to Defendant CITY for punitive damages), a civil penalty of $25,000 for each act of animus, attorney's fees, and any

other relief allowable at law or in equity.

## **PRAYER FOR DAMAGES**

WHEREFORE, Plaintiffs hereby prays for judgment against Defendants CITY OF LOS ANGELES, SGT. LOPEZ #36501, UNIDENTIFIED LAPD OFFICERS, DEFENSE INTERNATIONAL CORPORATION, and GREYSTAR CALIFORNIA, INC., and each of them, as follows:

1. For general damages (also known as non-economic damages), in an amount in excess of the jurisdictional minimum, according to proof;

2. For special damages (also known as economic damages), in excess of the jurisdiction minimum, according to proof;

3. For punitive damages (also known as exemplary damages) as provided by law, in an amount to be proved against each individual Defendant;

4. For attorney's fees and costs;

5. Any civil penalties, including $25,000.00 per occurrence and treble damages, according to proof;

6. For prejudgment interest, according to proof;

7. For any recoverable costs of suit incurred herein, according to proof; and,

8. For such other and further relief as the Court may deem just and proper.

Dated:  Jan. 7, 2022        BY:   **LAW OFFICE OF KEVIN S. CONLOGUE**
                                            ___/s/Kevin S. Conlogue_____
                                            Kevin S. Conlogue, Esq.
                                            *Attorney for Plaintiffs*

**COMPLAINT FOR DAMAGES**

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury as to all claims for relief.

Dated:  Jan. 7, 2022          BY:   **LAW OFFICE OF KEVIN S. CONLOGUE**

_____/s/Kevin S. Conlogue_____

Kevin S. Conlogue, Esq.

*Attorney for Plaintiffs*